IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene Cory Dingle, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-5333-BHH |
| v. ) | |
| ) | |
| Judge James G. McGee; Judge William ) | **ORDER** |
| J. Wylie, Jr.; Judge Timothy H. Pogue; ) | |
| Judge Michael H. Murphy, III; Judge ) | |
| Anne G. Jones; Leslie Armstrong; ) | |
| Judge Mandy W. Kimmon, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Eugene Cory Dingle's ("Plaintiff") *pro se* amended complaint against the above-named Defendants. (ECF No. 8.) The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C.

On May 31, 2024, Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without issuance and service of process, and without leave to amend. (ECF No. 11.) In her Report, the Magistrate Judge thoroughly outlined the allegations in Plaintiff's amended complaint, which concern proceedings in the South Carolina family court concerning the custody of his minor child, child support, and related issues,[1] and found that this case is subject to dismissal for lack of subject matter jurisdiction. Furthermore, the Magistrate Judge found that even if Plaintiff could establish

---

[1] The Magistrate Judge also outlined the other related cases filed by Plaintiff. (ECF No. 11 at 2 (referencing *Dingle v. Armstrong*, No. 9:22-CV-2746-BHH, 2023 WL 144717 (D.S.C. Jan. 10, 2023), and *Dingle v. Armstrong*, No. 2:23-04141-BHH-MHC (D.S.C.).)

subject matter jurisdiction, his claims should be dismissed as frivolous.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. Plaintiff filed written objections on June 10, 2024. (ECF No. 13.) He also filed a motion for leave to file a second amended complaint on June 24, 2024, and a motion to compel action on September 12, 2024. (ECF Nos. 14, 15.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff first asserts that he does not consent to the jurisdiction of a Magistrate Judge pursuant to Federal Rules of Civil Procedure 73(b) and 28 U.S.C. § 636(c). (ECF No. 13 at 2.) Next, he asserts that this action should not be dismissed for lack of subject matter jurisdiction because he alleges violations of his Fourth, Ninth, and Fourteenth Amendment rights under 42 U.S.C. § 1983.[2] (*Id.*) Plaintiff acknowledges that federal courts generally abstain from hearing child custody matters based on diversity jurisdiction, but he asserts that this Court has federal question jurisdiction because he "seeks redress for alleged deprivation of rights due to due process violations, false arrest,

---

[2] Plaintiff acknowledges that diversity jurisdiction does not exist. (ECF No. 13 at 3.)

unlawful imprisonment, involuntary servitude, and peonage resulting from alleged wanton and malicious acts, coercion, and fraud." (*Id.* at 3.) Plaintiff then rehashes his claims against Judge Anne G. Jones, asserting, among other things, that she violated the Separation of Powers Doctrine and imposed child support payments without conducting a proper hearing, resulting in an unconstitutional taking of Plaintiff's property, and that her unlawful actions infringed upon Plaintiff's liberty, privacy, and property rights guaranteed by the Fourth, Ninth, and Fourteenth Amendments. (*Id.* at 4-12.) Plaintiff also asserts that his claims are not barred by the *Rooker-Feldman* doctrine because his claims raise independent constitutional violations by state officials. (*Id.* at 13.) Furthermore, Plaintiff objects that no exceptional circumstances exist in this case to warrant Colorado River abstention. (*Id.*) However, he asserts that extraordinary circumstances do exist to justify federal intervention despite the Younger abstention doctrine. (*Id.* at 14.)

As to the issue of judicial immunity, Plaintiff contends that Defendants' actions exceeded their judicial authority and that Defendants acted with malicious intent. (*Id.* at 15-17.) According to Plaintiff, Judge McGee failed to address the concerns raised by Plaintiff; Judge Wylie made decisions in complete disregard of the compelling evidence Plaintiff provided; Judge Jones acted with bias and disregarded due process; Judge Murphy improperly sanctioned Plaintiff and violated Plaintiff's constitutional rights; Judge Kimmons violated Plaintiff's constitutional rights and discriminated against Plaintiff; Judge Timothy conducted hearings without notifying Plaintiff and acted in the absence of jurisdiction; and these judges criminally infringed on Plaintiff's constitutional rights under 18 U.S.C. §§ 242 and 645. (*Id.* at 16-22.) Based on his allegations, Plaintiff contends that judicial immunity does not protect these judges, who acted outside the scope of their duties. (*Id.* at 23-24.)

Plaintiff also asserts that Defendant Armstrong, is not entitled to quasi judicial immunity for actions that violated Plaintiff's constitutional rights. (*Id.* at 24-28.)

Lastly, Plaintiff asserts that if his federal claims are dismissed that the Court should retain supplemental jurisdiction over his state law claims, and he reserves the right to amend his complaint but does not explain how he would amend his complaint and does not attach any proposed amended pleadings. (*Id.* at 29-30.) In addition, although Plaintiff filed a separate motion to amend, he simply asserts that he seeks to amend the complaint "to clarify and expand upon the factual allegations and legal claims," "to add co-defendants," and to "address procedural deficiencies," but he does not set forth any additional factual allegations and legal claims; nor does he identify any additional parties. (ECF No. 14.) Additionally, nowhere does Plaintiff provide any proposed amended pleading.

After careful review, the Court finds no merit to Plaintiff's objections. Instead, after *de novo* review of the record, the Court finds that the Magistrate Judge accurately summarized Plaintiff's claims as well as the law applicable to those claims, and the Court finds that nothing in Plaintiff's mostly redundant objections alters the Magistrate Judge's careful analysis. In all, the Court fully agrees with the Magistrate Judge that this action is subject to summary dismissal for lack of subject matter jurisdiction because this Court lacks authority to review final determinations of South Carolina family court actions, as such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. As the Magistrate Judge stated, "[t]o rule in favor of Plaintiff on claims filed in this action may require this court to overrule and reverse orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* doctrine." (ECF No. 11 at 9 (citing cases).) In addition, to the extent Plaintiff may be requesting injunctive relief, such

request would be barred by the federal Anti-Injunction Act. 28 U.S.C. § 2283. Furthermore, to the extent any of Plaintiff's family court proceedings remain pending, this Court should abstain from interfering with those proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).

Next, the Court finds that even if Plaintiff could establish federal court jurisdiction, his claims are frivolous as it is well-settled that judges have immunity from claims arising out of their judicial actions, and Defendant Armstrong is entitled to quasi judicial immunity for duties performed in her role as a guardian ad litem. Critically, nothing in Plaintiff's objections leads the Court to reach a different conclusion than that reached by the Magistrate Judge.

Finally, as to Plaintiff's motion to amend, which was filed subsequent to his objections, the Court finds that amendment would be futile at this time because it would not correct this case's jurisdictional deficiencies, which were carefully and correctly outlined in the Report. Accordingly, the Court denies Plaintiff's motion to amend.

## **CONCLUSION**

**Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 13); the Court adopts and specifically incorporates herein the Magistrate Judge's Report (ECF No. 11); the Court denies Plaintiff's motion to amend (ECF No. 14) and finds moot Plaintiff's motion to compel (ECF No. 15); and the Court dismisses this action without prejudice, without issuance and service of process, and without leave to amend.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 14, 2025
Charleston, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.